IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VALADEZ, | No.  2:19-CV-0614-DMC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, see ECF Nos. 8 and 20, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment, see 28 U.S.C. § 636(c). Pending before the Court are the parties' briefs on the merits. See ECF Nos. 17 and 18.

The Court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).  The sequential evaluation proceeds as follows:

Step 1   Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2   If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3   If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

/ / /

| | | |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

///
///
///
///

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on June 20, 2016. See CAR 19.[1] In the application, plaintiff claims disability began on December 13, 2015. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on February 15, 2018, before Administrative Law Judge (ALJ) Vincent A. Misenti. In a July 25, 2018, decision, the ALJ concluded plaintiff is not disabled based on the following relevant findings:

 1. The claimant has the following severe impairment(s): lumbar degenerative disc disease, lumbar spine dextroscoliosis, a left biceps tendon tear, and a contracture of the left bicep;

 2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

 3. The claimant has the following residual functional capacity: the claimant can perform light work; he can occasionally perform left non-dominant hand overhead reaching, and can frequently perform all other reaching with the left upper extremity; the claimant can frequently climb ramps and stairs, frequently balance, stoop, kneel, crouch, and crawl, and occasionally climb ladders and scaffolds; the claimant must avoid concentrated exposure to fumes, dust, odors, gases, poorly ventilated areas, and chemicals;

 4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 21-27.

After the Appeals Council declined review on February 8, 2019, this appeal followed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Citations are the to the Certified Administrative Record (CAR) lodged on September 18, 2019. See ECF No. 13.

## III. DISCUSSION

In his motion for summary judgment, plaintiff argues the ALJ failed to provide sufficient reasons to find his testimony and statements not credible.[2]

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

///

///

---

[2] Plaintiff does not challenge the ALJ's evaluation of the medical opinion evidence. As to this evidence, the court notes the ALJ accepted the opinions of agency consultative physician, Dr. Arnold, which formed the basis of the ALJ's residual functional capacity finding.

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See Bunnell, 947 F.2d at 345-47.  In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

As to plaintiff's credibility, the ALJ first summarized plaintiff's statements and testimony:

> The claimant alleged that he had severe back pain, scoliosis, locking in his legs, numbness in his feet, pain in his neck, difficulty picking up items, and bone pain in his arm and shoulder (Exhibit 3E/2). He testified that his back and his left arm prohibited him from working, and that he had chronic pain extending from his lower back to his neck and radiating down to through both legs (Testimony). He also testified to instances of falling such that he now required a cane (Id.). In addition, he stated that he also had a left arm impairment from his construction job and had developed tendinitis, which caused daily pain and swelling (Id.). Functionally, he testified that he was able to reach his arm overhead, could lift ten pounds, walk for five minutes, and sit for twenty minutes (Id.).

CAR 23-24.

The ALJ next discussed the credibility of plaintiff's statements regarding specific limitations:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his spinal symptoms, they are inconsistent with the medical evidence. He underwent a number of objective medical tests on his spine, which evidence degenerative changes in his lumbar spine. His September 2014 lumbar spine x-ray indicated lumbar spine dextroscoliosis (Exhibit 3F/23) and his June 2015 lumbar spine MRI showed multilevel degenerative disc disease, a protruding disc at the L4-5 level, and

narrowing of the neural foramen at the L5 nerve root (Exhibit 1F/4, 17). A subsequent August 2016 lumbar spine MRI indicated foraminal herniation at the L1-2, L4-5, L3-4, and L5-S1 vertebral discs, and mild generalized facet arthropathy (Exhibit 1F/13). He also has limitations noted by his treating physician, F. Karl Gregorius, M.D., of radicular pain in his right leg and numbness in his toes (Exhibit 1F/4). The claimant also has one instance where he used a cane in November 2016 (Exhibit 15F/145). However, while the claimant has alleged significant limitations associated with his spinal impairments, including instances of falling, lifting only ten pounds, and walking for five minutes, his statements are not corroborated by objective physical examinations throughout the record (Testimony). The undersigned notes that from July through September 2015, January through August 2016, and January through May 2017, the claimant exhibited normal gait and extremities, and normal motor strength and sensation in his upper and lower extremities bilaterally (Exhibits 2F/2, 11, 15, 20, 25, 32; 10F/14-15, 19). During recent examinations in November 2016 and November 2017, he continued to exhibit normal gait (Exhibits 4F/1, 8F/7, 10F/14). These examinations do not indicate that the use of a cane is medically necessary. To minimize aggravation to the claimant's herniated discs and radicular pain, the residual functional capacity restricts the claimant to light work with frequent climbing of ramps and stairs; frequent balancing, stooping, kneeling, crouching, and crawling; and occasional climbing of ladders and scaffolds.

With regard to his left upper extremity, in August 2016 the claimant was diagnosed with a biceps tendon tear (Exhibit 2F/3) and a contracture of the left bicep (Exhibit 3F/5). His April 2016 left humerous MRI showed a partial tear of the distal biceps tendon (Exhibit 4F/31-32). However, as discussed above, musculoskeletal examinations from July 2015 through May 2017 show no abnormalities in the claimant's extremities, and normal motor strength and sensation in his upper extremities (Exhibits 2F/2, 11, 15, 20, 25, 32; 10F/14-15, 19). Given evidence of a biceps tear and reduced range of motion in the claimant's left upper extremity, the residual function capacity restricts the claimant to light work and provides that he can occasionally perform left non-dominant hand overhead reaching, and can frequently perform all other reaching with his left upper extremity.

CAR 24-25.

Plaintiff argues:

> In this case, the ALJ made no specific findings regarding Plaintiff's credibility. *See* Tr. 26. The only findings made by the ALJ was the general finding that "the claimant's statements about the intensity, persistence and limiting effects of his spinal symptoms, they are inconsistent with the medical evidence". Tr. 24. No further reasoning was given by the ALJ. The ALJ failed to provide more than general findings in contravention of the law. *Orn v Astrue*, 495 F.3d 625, 636 (9th Cir 2007) ("it is not sufficient for the adjudicator to make a single, conclusory statement that `the individual's allegations have been considered' or that `the allegations are [not] credible.'").

///

> The 9th circuit has addressed this issue specifically in the case of *Brown-Hunter v. Colvin*. *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015). The ALJ made a general finding that the "functional limitations from the claimant impairments were less serious than alleged". *Id.* at 493 (9th Cir. 2015). The court concluded that they could not. This was not the kind of specific reasons sufficient to determine that the Plaintiff's "testimony was not arbitrarily discredited". *Id.* at 494. The court further found that "Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her noncredibility determination" the ALJ had created legal error. *Id.*
>
> In the present case, the ALJ committed the same legal error by failing to provide any reasons beyond a general finding and then summarizing the medical evidence. *Id.*; *see also Henshaw v. Colvin*, No. 1: 14-cv-01788-SKO (E.D. Cal. Feb. 11, 2016) (The court found that the ALJ erred by providing only general findings followed by a summary of medical evidence); *Powers v. Colvin*, No. 1: 15-cv-00077-EPG (E.D. Cal. June 20, 2016) (The ALJ erred by providing no specific findings regarding the Plaintiff's credibility); *Reali v. Berryhill*, No. 2: 17-cv-422-EFB (E.D. Cal. Sept. 13, 2018). "Although the ALJ summarized a significant portion of the administrative record in support of her RFC determination, providing a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible". *Brown-Hunter*, 806 F.3d at 494 (emphasis in original). "Likewise, here, the ALJ offered no more than a summary of the medical evidence, and she did not identify the testimony she did not find credible." *Hernandez v. Berryhill*, No. 1: 16-cv-01228-JLT (E.D. Cal. Feb. 21, 2017). "The Ninth Circuit's holding *Brown-Hunter* must be taken to mean what it says. The circuit has spoken directly to the circumstances in this case and made clear that, when they arise, reversal is mandated". *Reali, supra.*
>
> The ALJ specifically mentioned rejecting Plaintiff's complaints regarding his spinal problems, but no findings regarding Plaintiff's other complaints regarding his arm and legs. Tr. 24, 60. Plaintiff testified to pain and numbness in his legs, which required a cane to ambulate despite frequent injections. Tr. 60-61. The ALJ did not take this testimony into account. The ALJ further failed to take into account testimony regarding Plaintiff limited vision and flares of arm pain due to overuse, which despite not working occurred with regularity. Tr. 63, 71. The ALJ failed to provide any specific reasoning for rejecting the testimony of the Plaintiff, causing harmful error. *Burch*, 400 F.3d at 680.

ECF No. 9-10.

Plaintiff concedes the ALJ properly considered his testimony concerning spinal problems. The gravamen of plaintiff's argument is that the ALJ failed to provide credibility findings specific to his other impairments to his arm and legs.

/ / /

/ / /

8

1     As to limitations associated with plaintiff's arms, the Court finds plaintiff's argument unpersuasive.  The hearing decision reflects a detailed discussion of the evidence concerning plaintiff's arms, in particular his biceps muscles.  The ALJ noted that the, while objective testing data showed a partial biceps tear, examinations in 2015 through 2017 showed normal motor strength and sensation in plaintiff's upper extremities.  This evidence undermines plaintiff's specific allegations of functional limitations associated with his upper extremities.

    The Court also finds plaintiff's argument concerning his legs unpersuasive.  As with plaintiff's arms, the ALJ also discussed the objective evidence undermining plaintiff's subjective statements concerning his legs.  Plaintiff stated he experienced swelling in his legs.  Objective evidence, however, shows that from July through September 2015, January through August 2016, and January through May 2017, examinations revealed normal gait and normal motor strength in the lower extremities bilaterally.  The ALJ also noted that recent examinations in November 2016 and November 2017 continued to reveal normal gait.  Despite plaintiff's complaints of disabling limitations associated with his legs, the ALJ noted that examining professionals have not recommended the use of a cane.

## IV.  CONCLUSION

    Based on the foregoing, the Court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion for summary judgment, ECF No. 17, is denied;

    2.    Defendant's motion for summary judgment, ECF No. 18, is granted;

    3.    The Commissioner's final decision is affirmed; and

    4.    The Clerk of the Court is directed to enter judgment and close this file.

Dated:  September 25, 2020



DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE